UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEKIA SMITH

                Plaintiff,

v.

THE CITY OF ROCHESTER, CHARLES
LOTEMPIO, JOHN DOES NOS. 1-10,

                Defendants.

**ANSWER AND DEMAND FOR JURY TRIAL**

Case No.: 23-cv-06162

---

Defendants by their attorney Linda S. Kingsley, Esq., City of Rochester Corporation Counsel, John M. Campolieto, Esq., of Counsel, hereby answers the Plaintiff's Complaint as follows:

1. Admit the allegations contained in paragraphs 8, 19, 31, 113 and 126 of the Complaint.

2. Deny the allegations contained in paragraphs 4, 5, 6, 12, 13, 20, 23, 35, 36, 37, 55, 56, 62, 63, 67, 69, 70, 71, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, (295), 91, 92, 93, 96, 99, 101, 105, 106, 111, 122, 123, 124, 128, 129, 130, 131, 134, 135, 136 and 137 of the Complaint.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, 2, 3, 7, 11, 17, 18, 21, 22, 24, 25, 26, 28, 29, 30, 32, 33, 34, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 64, 65, 66, 68, 72, 73, 90, 94, 95, 97, 98, 100, 102, 103, 104, 107, 108, 109, 110, 114, 115, 127 and 133 of the Complaint

4. Paragraphs 76, 88, 112, 125 of the complaint contains no allegations to which a response is required since it incorporates by reference prior allegations.

1

Defendant answers said paragraph in the same manner and to the same effect that it answered the allegations to which said paragraphs refer.

5.  Paragraphs 10, 14, 15, 16 are legal assertions which do not require an answer by the City Defendants; if such an answer is deemed to be required said paragraph is denied.

6.  Admit as much of Paragraph 9 which states that the City is authorized by law to maintain a police department and denies the remained of the paragraph.

7.  Admit as much of Paragraph 27 which states that LoTempio placed Plaintiff in a police car and denies the remained of the paragraph.

8.  As and for an answer to paragraphs 116-121, Defendants admit as much that Plaintiff was detained for investigatory purposed but deny the reminder of the paragraphs.

9.  As and for an answer to paragraph 132, the question is a question based on a false premise and does not require an answer, if said question is deemed to require an answer, it is denied.

10. Denies each and every allegation contained in the complaint not heretofore admitted, denied or otherwise controverted.

**AS AND FOR A FIRST AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

11. That the Complaint fails to state a cause of action upon which relief may be granted against the Defendants.

**AS AND FOR A SECOND AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

12. If individual defendants, employed by the City of Rochester, are construed to be a part of this action they are entitled to qualified immunity from suit because:

2

      A.      No clearly established constitutional right was violated.

      B.      The defendants' actions were objectively reasonable under the circumstances.

**AS AND FOR A THIRD AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

13.      If individual defendants, employed by the City of Rochester, are construed to be a part of this action, they are entitled to immunity from continuation of this action upon the ground that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

**AS AND FOR A FOURTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

14.      If this action is ever construed against the City of Rochester or its employees, the official actions of the City of Rochester and its employees, agents or representatives, jointly and severally constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

**AS AND FOR A FIFTH AFFIRMATIVE
DEFENSE, DEFENDANTS STATE:**

15.      If this action is ever construed to be an action against the City of Rochester or its employees, the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be

granted as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

16.     That all conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances herein; was privileged conduct in the performance of defendant's police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

## AS AND FOR A SEVENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

17.     That the City of Rochester is required to defend, indemnify and hold harmless its police officers when those police officers are sued for actions taken within the scope of their employment and, therefore, the City of Rochester is the real party in interest herein.

## AS AND FOR AN EIGHTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

18.     That the actions complained of arose during the arrest of the plaintiff by police officers acting in an official capacity; that such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

## AS AND FOR A NINTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

19.     That the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be

granted as a matter of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

20.     Any force allegedly used did not rise to the level of a constitutional violation.  That the force, if any, used on the plaintiffs was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiffs were due to and caused by reason of plaintiffs' improper acts and conduct.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

21.     That in the event the complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training, retention and/or supervision, the complaint fails to allege sufficient facts to support such allegations and should be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

22.     That the City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

23.     Conversely, the City actively worked proactively to identify and prevent the harms and injuries that Plaintiff alleges they caused.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

24.     That the Complaint does not state a cause of action cognizable under 42 U.S.C. §§1983 and 1988.

**WHEREFORE**, Defendants City of Rochester demand:

(1)    Judgment dismissing the complaint;

(2)    The costs and disbursements of this action;

(3)    Such other and further relief which to the Court may seem just and proper.

Date:  May 11, 2023

                LINDA S. KINGSLEY
                CORPORATION COUNSEL

       By: s/ John Campolieto
                John M. Campolieto, Municipal Attorney
                30 Church St., Room 400A
                Rochester, NY 14614
                (585) 428-7410
                John.Campolieto@cityofrochester.gov

To:    Elliot D. Shields
       Roth & Roth, LLP
       *Counsel for Plaintiff*
       192 Lexington Avenue, Suite 802
       New York, NY  10016
       eshields@rothandrothlaw.com