# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

March 11, 2024

**VIA ECF**
Hon. Mark J. Pedersen
United States Magistrate Judge
2720 U.S. Courthouse
100 State Street, Rochester, NY 14614

    Re:    *Smith* v. *City of Rochester et al*,
              23-cv-6162 (CJS)(MJP)

Dear Judge Pedersen,

    I write to request a conference regarding the apparent conflict of interest pursuant to *Dunton v. County of Suffolk*, 729 F.2d 903, 908 (2d Cir. 1984). The Defendants consent to the request for a conference.

    By way of background, on July 11, 2022, Defendant Rochester Police Department Investigator Charles LoTempio seized and forcefully arrested Lekia Smith—a five-foot tall, 100-pound Black woman and Emergency Medical Technician for Monroe Ambulance—after her ambulance's door allegedly bumped the side of his police vehicle as she was exiting the ambulance to bring her patient into the emergency room at Strong Memorial Hospital.

    As Ms. Smith was unloading her patient to bring him into the emergency room, LoTempio demanded she provide him with her license, and she told him that he would get it after she brought her patient inside. LoTempio then physically seized Ms. Smith and attempted to prevent her from going inside, causing her to lose control of the gurney, and creating a dangerous situation for her patient. LoTempio harassed Ms. Smith and followed her inside of the emergency room, where he

violently seized her, used excessive force against her by slamming her body into the registration desk and violently handcuffed and falsely arrested her.

The entire incident played out in front of Strong Memorial Hospital emergency department staff, other ambulance crews, and patients. It was also recorded by the Strong security cameras, and video of the incident was widely reported in the local and national media.

Following the incident, Ms. Smith filed an internal complaint with the RPD, and the Professional Standard's Section investigated. At the conclusion of the investigation, Chief of Police David Smith sustained five violations of the RPDs Rules and procedures and found that LoTempio should be terminated. (See Exhibit "A")

Thereafter, Ms. Smith filed her lawsuit against LoTempio and the City of Rochester. The City of Rochester Law Department undertook representation of both the City and LoTempio, and answered on behalf of all defendants.

In this case, the inherent conflict between the City and the LoTempio is illustrated by *Dunton v. County of Suffolk*, 279 F. 2d 903 (2d Cir. 1984). There, the Second Circuit held that, "[w]hen a potential or actual conflict of interest situation arises, it is the court's duty to ensure that the attorney's client, so involved, is fully aware of the nature of the conflict and understands the potential threat to the prosecution of his interests." *Id* at 908 (2d Cir. 1984).

The Second Circuit has made clear that attorney disciplinary rules require both plaintiffs' counsel and government defense attorneys to promptly bring all potential conflicts to the Court's attention. *Id.* at 909.

Another potential for conflict exists where, as here, the various defendants face differing degrees of exposure. *Bernstein v. Vill. of Piermont*, 11 CV 3677 (ER), 2013 WL 5718450 (S.D.N.Y.

Oct. 21, 2013) (requiring village to offer separate representation to individual defendants based on potential liability-shifting conflict).

Critically, were this case tried to verdict without a hearing and the informed waiver of potential conflicts by the defendants, any resulting judgment could be susceptible to collateral attack on the basis of conflict. *See Dunton*, 729 F.2d at 909 n.5 ("We assume arguendo, without deciding the question, that the district court could allow Pfeiffer to waive his objections to multiple representation given a serious conflict such as the instant one."); *Restivo v. Hessemann*, 846 F.3d 547, 581 (2d Cir. 2017); *Patterson v. Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006); *Moskowitz v. Coscette*, 51 F. App'x 37, 39 (2d Cir. 2002).

Accordingly, plaintiff respectfully requests permission to bring a motion to disqualify the City of Rochester Law Department as counsel of record for LoTempio, or alternatively that the Court convene a *Dunton* hearing and that the LoTempio be required to provide knowing waiver of any potential conflicts arising from the joint representation.

Thank you for your consideration of this request. Should the Court have any questions or concerns, please do not hesitate to have one of your clerks contact me.

Respectfully Submitted,

~//s//~

Elliot Dolby Shields

cc:   All Parties (via ECF)
      Jon Getz (via ECF)